UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                         Case No. 1:01:CR:54

CELESTE SCHERER,                       HON. GORDON J. QUIST

       Defendant.

_____/

## MEMORANDUM ORDER

Defendant, who is now apparently known as Celeste Kennedy ("Kennedy"),  has filed a pro se motion requesting that the Court expunge her conviction for mail fraud in violation of 18 U.S.C. § 1341.  Kennedy pled guilty to the charge on May 24, 2001.  She was sentenced to five years probation, restitution in the amount of $9,595, and a $100 special assessment.  Kennedy completed her probation early and paid her restitution obligation approximately two years after her conviction.

In her motion, Kennedy states that she has been employed for six years, is dedicated to her children and wants to provide a good life for them, and has not had any further trouble with the law. Kennedy states that she is attempting to obtain a new job in a new career field and is concerned that her conviction might prevent her from being hired.

Although Kennedy has not cited any authority for expungement of her conviction, the Sixth Circuit has held that "[i]t is within the inherent equitable powers of a federal court to order the expungement of a record in an appropriate case."  *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977).  The Sixth Circuit has not addressed the standard for determining what circumstances may

be considered "appropriate."  However, other courts which have addressed this power have held that it is a narrow power that should be used only in extreme cases.  See *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam) ("Courts which have recognized an equitable power to expunge have unanimously observed that it is a narrow power, appropriately used only in extreme circumstances"); *Hodge v. Jones*, 31 F.3d 157, 166 (4th Cir. 1994) (noting that "there is no *automatic* right to expunction once an individual's name has been cleared" and that expungement is "rarely utilized absent extreme circumstances") (emphasis in original); *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993) (stating that "federal courts may, in extreme cases, expunge a federal conviction that has, in some manner, been invalidated"); *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975) ("[T]he power to expunge an arrest record is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case").

In an unreported opinion in *United States v. Robinson*, No. 94-1945, 1996 WL 107129 (6th Cir. Mar. 8, 1996), the Sixth Circuit observed, "federal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct.  Conversely, courts have uniformly denied expunction requests regarding valid convictions."  *Robinson*, 1996 WL 107129, at *2.  Similar to Kennedy in this case, the petitioner in *Robinson* pled guilty to mail fraud and fulfilled all of the requirements of her sentence.  After losing her job through "down sizing," the petitioner sought expungement of her conviction because it prevented her from obtaining comparable employment.  The Sixth Circuit affirmed the district court's denial of the motion, noting that "petitioners [seeking expunction] must put forth much more compelling and extraordinary circumstances than those relied upon by Robinson."  *Id.*  Similarly, in *United States v. Pinto*, *supra*,

2

the defendant sought expungement after serving her sentence for conspiracy to defraud the government and filing a false tax return.  The Tenth Circuit affirmed the denial of the defendant's request, stating:

> On this record, however, there is no allegation that the conviction was in any way improper.  The sole contention is that Defendant has been punished enough, and that the presence of the conviction is unjustly interfering with her efforts to rebuild her life.  Accordingly, we hold that the trial court was without power to expunge this conviction.  As the Ninth Circuit has explained, "The harms alleged [by Defendant] . . . are not unusual or unwarranted.  Instead, they are the natural and intended collateral consequences of having been convicted."

*Pinto*, 1 F.3d at 1070-71 (quoting *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (alterations in original).

Based upon the authority cited above, the Court concludes that Kennedy's request should be denied.  This case does not present the extreme circumstances required for the Court to grant expungement.  As noted by the *Pinto* court, any negative effects Kennedy may experience as a result of her conviction are the natural and intended consequences of her past conduct.  While the Court understands that Kennedy's conviction places her in a difficult position with respect to the new job she seeks and that she has learned her lesson, her circumstances do not support the requested relief.

Therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion for Expungement (docket no. 21) is **DENIED**.


Dated:  June 11, 2009                                    _____/s/ Gordon J. Quist_____
                                                                           GORDON J. QUIST
                                                                           UNITED STATES DISTRICT JUDGE